UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE E. ANDREYEV,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL CHATIGNY, *et al.*,<br><br>Defendant. | Case No.  2:24-cv-2651-TLN-JDP (PS)<br><br>ORDER |

Plaintiff alleges that defendants Daniel Chatigny, a county executive officer; Wayne Woo, Placer County Sheriff; and certain Doe Placer County Sheriff's Deputies violated his constitutional rights.  As articulated, the complaint does not state a viable claim, and so I will dismiss it with leave to amend.  Plaintiff's application to proceed *in forma pauperis* makes the required showing and will be granted.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief,

1

1   Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
2   face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not
3   require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.
4   662, 678 (2009). If the allegations "do not permit the court to infer more than the mere
5   possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not
6   identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
7   1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that
8   give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
9   n.2 (9th Cir. 2006) (en banc) (citations omitted).

10  The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404
11  U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it
12  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
13  would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
14  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
15  of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
16  1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

17                                              **Analysis**

18  Plaintiff alleges that on October 5, 2023, he rushed to a hospital in Roseville after
19  receiving a call informing him that his daughter was unconscious. ECF No. 1 at 7. Plaintiff and
20  his mother arrived at the hospital shortly after receiving that call, but upon their arrival, Placer
21  County Sheriff's deputies arrested plaintiff. *Id.* While plaintiff's bail was set at $250,000, on
22  October 9, the state court judge dismissed the case against plaintiff and released him. *Id.* A day
23  prior, however, plaintiff's daughter had passed away. Plaintiff's daughter's mother made the
24  decision to remove their daughter from life support, but plaintiff states that he would not have
25  consented to removing her life support had he been consulted. *Id.* at 8; 14. Unrelatedly, plaintiff
26  alleges that, while he was in pre-trial custody, he underwent multiple, non-consensual blood
27  extractions.
28  Plaintiff alleges that defendants violated his associational rights under the Fourteenth

1    Amendment, that they falsely arrested him under the Fourth Amendment, and that jail staff
2    preformed non-consensual blood draws.  He also alleges "fabrication of charges and concealment
3    of evidence." *Id.* at 10-11.  As articulated, the complaint does not state a cognizable claim.
4    <u>Familial Association Claim</u>
5        The Ninth Circuit "has recognized that parents have a Fourteenth Amendment liberty
6    interest in the companionship and society of their children." *Wilkinson v. Torres*, 610 F.3d 546,
7    554 (9th Cir. 2010).  The general rule is that constitutional rights may not be asserted vicariously.
8    *See Alderman v. United States*, 394 U.S. 165, 174 (1969).  "In § 1983 actions, however, the
9    survivors of an individual killed as a result of an officer's excessive use of force may assert a
10   Fourth Amendment claim on that individual's behalf if the relevant state's law authorizes a
11   survival action." *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d at 365, 369 (9th Cir.
12   1998) (citing 42 U.S.C. § 1988(a); *Smith v. City of Fontana*, 818 F.2d 1411, 1417 (9th Cir.
13   1987)).
14       Plaintiff alleges that his associational rights were violated because his daughter passed
15   away while he was falsely detained.  However, plaintiff alleges that before he was arrested, his
16   daughter was in the hospital, and it was days after his arrest that his daughter's mother decided to
17   terminate life support.  Because plaintiff's daughter's death is insufficiently connected to
18   defendants' actions, plaintiff's familial association claim fails.
19   <u>False Arrest Claim</u>
20       To state a claim for false arrest and detention in violation of the Fourth Amendment, a
21   plaintiff must allege facts showing that there was no probable cause to arrest him.  *Sykes v. City of*
22   *Henderson*, 738 F. Supp. 3d 1344, 1349-50 (D. Nev. June 28, 2024); *accord Jaramillo v. City of*
23   *San Mateo*, 76 F. Supp. 3d 905, 920 (N.D. Cal. 2014). "Probable cause to arrest exists when
24   officers have knowledge or reasonably trustworthy information sufficient to lead a person of
25   reasonable caution to believe that an offense has been or is being committed by the person being
26   arrested." *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007).
27       Plaintiff has failed to plead facts showing that the officers who arrested him lacked
28   knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution

to believe that plaintiff had or was committing an offense.

Fabrication of Evidence Claim

"[T]here is a clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government." *Devereaux v. Abbey*, 263 F.3d 1070, 1074-75 (9th Cir. 2001). To the extent that a plaintiff raises a deliberate-fabrication-of-evidence claim, a plaintiff

> must, at a minimum, point to evidence that supports at least one of the following two propositions: (1) Defendants continued their investigation of [the plaintiff] despite the fact that they knew or should have known that he was innocent; or (2) Defendants used investigative techniques that were so coercive and abusive that they knew or should have known that those techniques would yield false information.

*Devereaux*, 263 F.3d at 1076.

Here, plaintiff's allegations that he was arrested on false and fabricated evidence is conclusory. Plaintiff's basis for this claim is that the judge later dismissed charges against him, but that does not necessarily mean the evidence at issues was fabricated.

Non-Consensual Blood Draw Claim

Plaintiff claims that jail staff conducted non-consensual blood draws. ECF No. 1 at 11. However, plaintiff fails to identify who drew his blood, what led to the blood draws, or what evidence supports his claim that there was a non-consensual blood draw, apart from his conclusory allegation. Additionally, this claim appears unrelated to plaintiff's familial association claim. Under Rule 20 of the Federal Rules of Civil Procedure, a plaintiff cannot bring unrelated claims against different defendants. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against unrelated defendants belong in different suits."). In other words, a plaintiff cannot join claims against defendant B that have nothing to do with those brought against defendant A.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

3. Within thirty days from service of this order, plaintiff shall file either (1) an amended

complaint or (2) notice of voluntary dismissal of this action without prejudice.

    4. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

    5. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:    February 24, 2025                                         

JEREMY D. PETERSON  
UNITED STATES MAGISTRATE JUDGE