UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE E. ANDREYEV,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL CHATIGNY, *et al.*,<br><br>Defendants. | Case No.  2:24-cv-2651-TLN-JDP (PS)<br><br>ORDER |

Plaintiff Eugene E. Andreyev alleges that his rights were violated when, in October 2023, Placer County sheriff's deputies unlawfully drew his blood, deprived him of his right to familial association, and falsely arrested and detained him. ECF No. 5 at 10. The only named defendants are Sheriff Wayne Woo and County Executive Officer Daniel Chartigny, both of whom are sued only in their official capacity. Also sued are an unspecified number of unidentified John and Jane Doe sheriff's deputies. The amended complaint is too vague to raise a cognizable claim against any defendant and is non-compliant with Rule 8 of the Federal Rules of Civil Procedure. I will dismiss the complaint with leave to amend one more time; this will be plaintiff's final opportunity to amend before I recommend dismissal of this action.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and

1

dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

As before, plaintiff alleges that he was falsely arrested and detained, that his blood was drawn unlawfully, and that he was deprived of his right to familial association. ECF No. 5 at 10. As an initial matter, it is unclear how the blood draw and the denial of familial association claims are sufficiently related to proceed in the same suit. Plaintiff was advised of this deficiency in my previous screening order, ECF No. 4 at 4, and the amended complaint has done nothing to remedy the problem. Additionally, the only named defendants, Woo and Chartigny, are sued only in their official capacities, ECF No. 5 at 7, and, thus, plaintiff effectively makes claims against Placer

County itself. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[An] official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."). And here, I can discern no explicit claim that the violations alleged can be attributed to any policy or custom, official or unofficial, of the county. *See Bd. of the Cnty. Comm'rs v. Brown*, 520 U.S. 397, 399 (1997) (To bring a section 1983 claim against a municipal defendant, "the plaintiff must identify a municipal 'policy' or 'custom' that caused the injury"). Finally, as to the unnamed "Doe" defendants, plaintiff has failed to distinguish between any of them or to attribute any of the alleged violations to any individual, unnamed defendant. Thus, the complaint cannot, as Rule 8 requires, put any defendant on notice of the specific claims against them.

I will dismiss the complaint with leave to amend so that plaintiff may have one final opportunity to remedy these deficiencies. As before, his amended complaint will supersede its predecessor entirely. The next amended complaint should be entitled "Second Amended Complaint."

Accordingly, it is hereby ORDERED that:

1. Plaintiff's amended complaint, ECF No. 5 is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:   April 24, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3