1

2

3

4

5

6

7

8                                  UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   EUGENE E. ANDREYEV,                            Case No.  2:24-cv-2651-TLN-JDP (PS)

12                  Plaintiff,

13          v.                                      ORDER

14   DANIEL CHATIGNY, *et al.*,

15                  Defendants.

16

17          Eugene E. Andreyev ("plaintiff") alleges that his rights were violated when, in October

18   2023, Placer County sheriff's deputies unlawfully drew his blood, deprived him of his right to

19   familial association, and falsely arrested and detained him.  ECF No. 7 at 10.  In terms of named

20   defendants, plaintiff has effectively sued only Placer County, insofar as he has named the county

21   as a defendant and chosen to sue Sheriff Wayne Woo and County Executive Officer Daniel

22   Chartigny, the only named defendants, in their official capacities.  Plaintiff has also sued four

23   unidentified John and Jane Doe sheriff's deputies whom he alleges are responsible for the

24   unauthorized blood draw.  The complaint remains deficient.  Although I previously indicated that

25   this would be plaintiff's final opportunity to amend, I will, out of an abundance of caution and

26   recognizing the possibility of a viable claim, offer one additional opportunity.

27

28

                                                  1

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that he was falsely arrested and detained, that his blood was drawn unlawfully, and that he was deprived of his right to familial association when his daughter passed away while he was in detention. ECF No. 7 at 7-8. As an initial matter, the blood draw and the denial of familial association claims are insufficiently related to proceed in the same suit.

1    Additionally, the claims against Placer County do not adequately identify a policy or custom of

2    the county.  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[An] official-capacity suit is, in all

3    respects other than name, to be treated as a suit against the entity."); *Monell v. Dep't of Soc.*

4    *Servs.*, 436 U.S. 658, 694 (1978) ("[I]t is when execution of a government's policy or custom,

5    whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent

6    official policy, inflicts the injury that the government as an entity is responsible under § 1983.").

7    Plaintiff does allege that the county has a policy or custom of unlawfully arresting individuals,

8    drawing their blood without a warrant, and violating constitutional rights.  ECF No. 7 at 9.

9    However, plaintiff provides little more than a recitation of his claims and the bare assertion that

10    the county had a policy of violating his rights; it is insufficient.  *See Dougherty v. City of Covina*,

11    654 F.3d 892, 900 (9th Cir. 2011) (dismissal justified where "*Monell* and supervisory liability

12    claims lack any factual allegations that would separate them from the formulaic recitation of a

13    cause of action's elements deemed insufficient by *Twombly*") (internal quotation marks omitted).

14    Plaintiff's claim alleging a warrantless blood draw might be actionable insofar as such

15    action can be violative of the Fourth Amendment.  *See Birchfield v. North Dakota*, 579 U.S. 438,

16    474 (2016).  This claim, asserted only against the "Doe" defendants in their personal capacities,

17    cannot proceed without identification of at least one defendant, however.

18    I will dismiss the complaint with leave to amend so that plaintiff may have one final

19    opportunity to remedy these deficiencies.  As before, his amended complaint will supersede its

20    predecessor entirely.  The next amended complaint should be entitled "Third Amended

21    Complaint."

22    Accordingly, it is hereby ORDERED that:

23    1.  Plaintiff's second amended complaint, ECF No. 7, is DISMISSED with leave to

24    amend.

25    2.  Within thirty days from service of this order, plaintiff shall file either (1) an amended

26    complaint or (2) notice of voluntary dismissal of this action without prejudice.

27    3.  Failure to timely file either an amended complaint or notice of voluntary dismissal may

28    result in the imposition of sanctions, including a recommendation that this action be dismissed

with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

     4.  The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.


Dated:  __June 2, 2025__                                  _____

                                                 JEREMY D. PETERSON
                                                 UNITED STATES MAGISTRATE JUDGE