UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE E. ANDREYEV,<br><br>  Plaintiff,<br><br>  v.<br><br>DANIEL CHATIGNY, *et al.*,<br><br>  Defendants. | Case No.  2:24-cv-2651-TLN-JDP (PS)<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Eugene E. Andreyev ("plaintiff") alleges that his rights were violated when, in October 2023, Placer County sheriff's deputies unlawfully drew his blood, deprived him of his right to familial association, and falsely arrested and detained him. ECF No. 9 at 7-8. As in his previous complaints, plaintiff has not identified any of the "Doe" deputy defendants. The only named defendants are Sheriff Wayne Woo and County Executive Officer Daniel Chatigny, both of whom are sued only in their official capacities. *Id.* at 7. I will recommend that the claims against Woo and Chatigny be dismissed. Additionally, plaintiff shall have sixty days to provide identifying information for at least one of the "Doe" defendants so that service may be effected. If he fails to do so, I will recommend that the claims against the "Doe" defendants also be dismissed.

1

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that he was falsely arrested and detained, that his blood was drawn unlawfully, and that he was deprived of his right to familial association when his daughter passed away while he was in detention. ECF No. 9 at 7-8. The claims against Sheriff Woo and Daniel Chatigny, pled in their official capacity, are effectively claims against Placer County itself and do

2

1  not adequately identify a policy or custom of the county. *Kentucky v. Graham*, 473 U.S. 159, 166
2  (1985) ("[An] official-capacity suit is, in all respects other than name, to be treated as a suit
3  against the entity."); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) ("[I]t is when
4  execution of a government's policy or custom, whether made by its lawmakers or by those whose
5  edicts or acts may fairly be said to represent official policy, inflicts the injury that the government
6  as an entity is responsible under § 1983."). Plaintiff alleges only that the county maintains a
7  custom of arresting people without probable cause, conducting nonconsensual blood draws, and
8  detaining individuals without justification. ECF No. 8 at 9. As I explained in my previous
9  screening order, however, these allegations are little more than a recitation of his claims and the
10 bare assertion that the county had a policy of violating his rights; they are insufficient. *See*
11 *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (dismissal justified where
12 "*Monell* and supervisory liability claims lack any factual allegations that would separate them
13 from the formulaic recitation of a cause of action's elements deemed insufficient by *Twombly*")
14 (internal quotation marks omitted).

15 Plaintiff's claim alleging a warrantless blood draw might be actionable insofar as such
16 action can violate the Fourth Amendment. *See Birchfield v. North Dakota*, 579 U.S. 438, 474
17 (2016). This claim, asserted only against the "Doe" defendants in their personal capacities,
18 cannot proceed without identification of at least one defendant, however. Plaintiff shall have
19 sixty days to provide identifying information for at least one defendant. The court will not
20 undertake to obtain this information for him; it is his burden to discharge, if he can.

21 Accordingly, it is hereby ORDERED that within sixty days of this order's entry, plaintiff
22 must provide identifying information for at least one of the "Doe" defendants so that he or she
23 may be served. If he fails to do so, I will recommend that his claims against the "Doe"
24 defendants be dismissed.

25 Further, it is RECOMMENDED that plaintiff's claims against defendants Woo and
26 Chatigny be DISMISSED without leave to amend for failure to state a viable claim.

27 These findings and recommendations are submitted to the United States District Judge
28 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of

service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   December 19, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE