UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EUGENE E. ANDREYEV,

Plaintiff,

v.

DANIEL CHATIGNY, *et al.*,

Defendants.

Case No.  2:24-cv-2651-TLN-JDP (PS)

ORDER

On December 19, 2025, I screened plaintiff's third amended complaint and found that he failed to state claims against defendants Woo and Chatigny, but I found that he asserted a Fourth Amendment claim based on a warrantless blood draw against unidentified defendants.  ECF No. 12.  I provided plaintiff with sixty days to provide identifying information for at least one of the "Doe" defendants so that he or she may be served.  Since then, plaintiff has filed objections, ECF No. 13, a notice identifying the Doe defendants, ECF No. 14, and a motion for leave to amend the complaint, ECF No. 15.  In light of plaintiff's pro se status, I will grant his motion for leave to amend.  Accordingly, I will vacate the December 19, 2025 findings and recommendations and direct service of the complaint.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and

1

dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that in October 2023 his daughter suffered an overdose and passed away. ECF No. 15-1 at 2. Defendant deputies accused plaintiff of providing the drugs to his daughter and arrested him. Plaintiff, however, claims that he could not have provided her with drugs because he was at a medical appointment with his mother. *Id.* Plaintiff claims that he was wrongly in jail when his daughter passed away. *Id.* He claims the defendant deputies, with approval from defendants Sergeant Duncan and Sheriff Woo, executed a warrantless and nonconsensual blood draw from him. *Id.* at 3.

Plaintiff asserts four claims; the first three, false arrest, unlawful search and seizure with respect to the blood draw, and deprivation of familial association—are alleged against all defendants except for Placer County and Sheriff Woo. *Id.* at 4. Plaintiff's fourth claim for a *Monell* violation is only against Placer County and Sheriff Woo. *Id.* at 4-5.

These allegations are, for screening purposes, sufficient to sustain claims against defendants.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to amend, ECF No. 15, is GRANTED.

2. The December 19, 2025 findings and recommendations, ECF No. 12, are VACATED.

3. The Clerk of Court is directed to file the proposed fourth amended petition, lodged with plaintiff's motion at ECF No. 15-1, as the operative complaint in this action.

4. Service is appropriate on defendants Sheriff Wayne Woo, Placer County, Deputy Juliann Jones (Badge Number 168), Deputy Mikhail Yarmolyuk (Badge Number 43), Deputy Brandon Winschell (Badge Number 176), Sergeant Jordan Duncan (Badge Number S55), and Daniel Chatigny.

5. The Clerk of the Court is directed to issue process and to send plaintiffs an instruction sheet for service of process by the United States Marshal, seven USM-285 forms, a summons form, and an endorsed copy of plaintiff's fourth amended complaint filed December 30, 2025. ECF No. 17.

6. Within sixty days after this order is served, plaintiff shall supply the U.S. Marshal all information needed by the Marshal to effect service of process. The required documents shall be submitted directly to the United States Marshal either by personal delivery or by mail to: United States Marshals Service, 501 I Street, Suite 5600, Sacramento, CA 95814 (tel. 916-930-2030). The court anticipates that, to effect service, the U.S. Marshal will require, for each defendant, at least:

    a. One completed summons;

    b. One completed USM-285 form;

    c. One copy of the endorsed complaint, with an extra copy for the U.S. Marshal;

and

      d. One copy of the instant order.

7. In the event the U.S. Marshal is unable, for any reason whatsoever, to effect service on a defendant within ninety days of receiving this order the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

8. Within twenty-one days after submitting the required materials to the United States Marshals Service, plaintiff shall file with this court a declaration stating the date on which plaintiff submitted the required documents to the United States Marshal.  Failure to file the declaration in a timely manner may result in an order imposing appropriate sanctions.

9. Within sixty days after receiving the necessary materials from plaintiff, the United States Marshal is directed to serve process on defendants without prepayment of costs.

10. Plaintiff is cautioned that the failure to comply with this order may result in a recommendation that this action be dismissed.

IT IS SO ORDERED.


Dated:    May 12, 2026                      _____
                                JEREMY D. PETERSON
                                UNITED STATES MAGISTRATE JUDGE