UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EUGENE E. ANDREYEV,

Plaintiff,

v.

DANIEL CHATIGNY, *et al.*,

Defendants.

Case No. 2:24-cv-2651-TLN-JDP (PS)

ORDER

Plaintiff Eugene E. Andreyev, proceeding pro se, brings this action against Placer County and its officers Daniel Chatigny, Wayne Woo, Juliann Jones, Mikhail Yarmolyuk, Brandon Winschell, and Jordan Duncan. Plaintiff alleges that defendants violated his constitutional rights in effectuating his arrest. Defendants have filed a motion to dismiss the fourth amended complaint. For the reasons stated below, defendants' motion is granted with leave to amend.

**Background**

The following allegations are taken from the fourth amended complaint ("FRAC") and, for purposes of this order, are assumed to be true. In October 2023, plaintiff's minor daughter suffered a drug overdose. ECF No. 17 at 2. Unspecified "[d]eputies falsely accused Plaintiff of supplying drugs to his daughter" and "failed to conduct a reasonable investigation or verify Plaintiff's alibi," which was that he "was at a medical appointment with his mother" at the time of

the overdose. *Id.* "Despite the absence of evidence and lack of probable cause, deputies arrested and detained Plaintiff." *Id.*

While he was in jail, plaintiff's daughter died. *Id.* at 3. Unspecified "[d]eputies ordered a blood draw without a warrant" or plaintiff's consent. *Id.* Plaintiff alleges that there were no pending charges or exigent circumstances that justified a warrantless blood test. *Id.* Jones, Yarmolyuk, and Winschell "participated in the blood draw" while Duncan "supervised and approved the deputies' actions" and Woo "authorized, approved, or later ratified the warrantless blood draw." *Id.*

**Procedural History**

Plaintiff initiated this action in September 2024. ECF No. 1. In May 2026, after dismissing prior complaints, the court directed service of the FRAC. ECF No. 16. In August 2026, defendants filed a motion to dismiss. ECF No. 21. Plaintiff has filed an opposition, ECF No. 25, and defendants a reply, ECF No. 26.

**Legal Standard**

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

In assessing the sufficiency of the pleadings, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S.

308, 322 (2007). The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. Those facts must be sufficient to push the claims "across the line from conceivable to plausible." *Id.* at 683. Ultimately, the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). However, a liberal interpretation of a complaint "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

**Analysis**

Plaintiff brings four claims: (1) false arrest against Chatigny, Jones, Yarmolyuk, Winschell, and Duncan ("the individual defendants")[1]; (2) unlawful search and seizure for the warrantless blood test against the individual defendants; (3) deprivation of familial association against the individual defendants; and (4) municipal liability against Placer County and Woo. *Id.* at 3-5. The court addresses each in turn.[2]

---

[1] It appears that all officers except Woo are sued in their individual capacities. *See* ECF No. 17 at 2.

[2] Plaintiff points out that the court previously held that, for screening purposes, the allegations were sufficient to state a claim. ECF No. 25 at 3 (citing ECF No. 16 at 3). However, as plaintiff acknowledges, "the screening determination does not prevent Defendants from challenging the complaint under Rule 12(b)(6)." *See id.*; *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007) (finding that, based on appellate case law, "the sua sponte screening and dismissal procedure is cumulative of, not a substitute for, any subsequent Rule 12(b)(6) motion that the defendant may choose to bring"). Additionally, when the court screened the complaint, it did not have the benefit of defendants' briefing.

**A. False Arrest**

Plaintiff claims that defendants arrested him without probable cause. ECF No. 17 at 3-4. To state a claim for false arrest and detention in violation of the Fourth Amendment, a plaintiff must allege facts showing that there was no probable cause to arrest him. *Sykes v. City of Henderson*, 738 F. Supp. 3d 1344, 1349-50 (D. Nev. June 28, 2024); *Jaramillo v. City of San Mateo*, 76 F. Supp. 3d 905, 920 (N.D. Cal. 2014). "Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested." *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007).

Plaintiff does not allege that any defendant had any involvement in his arrest. The FRAC states that unspecified "[d]eputies falsely accused Plaintiff of supplying drugs to his daughter" and "failed to conduct a reasonable investigation or verify Plaintiff's alibi." ECF No. 17 at 2. Further, plaintiff alleges that unspecified "deputies arrested and detained [him]." *Id.* Unlike elsewhere in the FRAC, plaintiff does not allege any particular wrongdoing by any particular defendant.

Plaintiff alleges that Jones, Yarmolyuk, and Winschell "were deputies with the Placer County Sheriff's Office." ECF No. 17 at 2. However, he does not allege that they participated in his arrest. Further, plaintiff alleges that Duncan "was a supervising officer who oversaw and approved deputies' actions" and that Chatigny is an "executive official involved in oversight and ratification of County practices." *Id.* "A supervisor is liable under [42 U.S.C.] § 1983 for a subordinate's constitutional violations 'if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.'" *Maxwell v. Cnty. of San Diego*, 708 F.3d 1075, 1086 (9th Cir. 2013) (quoting *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989)). Plaintiff does not allege that Duncan or Chatigny "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *See id.*

Accordingly, plaintiff's false arrest claim must be dismissed. Because plaintiff could cure this deficiency by amendment and considering that he proceeds pro se, leave to amend is appropriate. However, if plaintiff amends, he must plead facts to plausibly state a claim against

defendants. In his opposition, plaintiff states that because he was "being arrested, transported and restrained," he "was not in a position to document each officer's name and precise function during every moment of the incident." ECF No. 25 at 7. Plaintiff suggest that "[w]here [he] genuinely cannot identify which officer performed a particular act, discovery may establish the officers' respective roles." *Id.* While the court understands plaintiff's challenges in proceeding pro se, he cannot advance on a claim alleging wrongdoing against unspecified officers.

**B. Blood Test**

Plaintiff claims that defendants "conducted a warrantless, nonconsensual blood draw without exigent circumstances." ECF No. 17 at 4. The Supreme Court has held that a blood test is a search under the Fourth Amendment. *Schmerber v. California*, 384 U.S. 757, 767 (1966). Unlike a breath test, a blood test must be administered pursuant to a warrant or an exception to the warrant requirement, such as consent or exigent circumstances. *Birchfield v. North Dakota*, 579 U.S. 438, 474-76 (2016).

Plaintiff alleges that, while he was detained, "deputies ordered a blood draw without a warrant" and that he "was unable to consent to the blood draw." ECF No. 17 at 3. He further pleads that "[n]o exigent circumstances existed to excuse the lack of a warrant." *Id.* Nonetheless, plaintiff alleges that he was subjected to a blood draw. *Id.* He states that "Jones, Yarmolyuk, and Winschell participated in the blood draw." *Id.*

These allegations fail to state a claim. Plaintiff does not allege with specificity any actions undertaken by Jones, Yarmolyuk, and Winschell when they "participated" in administering the blood test. *See id.* Indeed, in his opposition, plaintiff states that a nurse drew his blood. ECF No. 25 at 8. Further, as with plaintiff's false arrest claim, plaintiff fails to allege that Duncan or Chatigny "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *See Maxwell*, 708 F.3d at 1086.

Moreover, the court is concerned by plaintiff's opposition to the extent that it undermines the allegations set forth in the FRAC. Specifically, plaintiff now provides that there remains an open question as to "whether judicial authorization existed" for the blood test. *See* ECF No. 25 at 9. Plaintiff states that he was shown "papers" and that he cannot recall or determine "what those

papers were." *Id*. He cautions that "Plaintiff therefore does not represent to the Court that he knows whether those papers constituted judicial authorization for the blood draw" and that he "does not recall being given a meaningful opportunity to read or retain a judicial warrant authorizing the blood draw." *Id*. at 5.

Plaintiff is reminded of his obligation to comply with the Federal Rules of Civil Procedure in prosecuting this action. *See* E.D. Cal. L.R. 183(a) ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law."). In particular, under Rule 11, plaintiff certifies by submitting a filing to the court that "the factual contentions have evidentiary support" and "the denials of factual contentions are warranted on the evidence" to the best of his "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances[.]" *See* Fed. R. Civ. P. 11(b). Whereas plaintiff plainly alleged in the FRAC that "deputies ordered a blood draw without a warrant," ECF No. 17 at 3, he now clarifies that he does not represent that certain papers were not, in fact, a warrant for the blood test, ECF No. 25 at 5. If plaintiff chooses to amend, he should take care in ensuring his compliance with Rule 11.

Plaintiff suggests that the facts surrounding the blood test "should be established from evidence rather than speculation." ECF No. 25 at 9. However, as noted with respect to plaintiff's false arrest claim, plaintiff cannot proceed on a deficient claim in the hopes of remedying it through discovery. To the extent that plaintiff brings this claim as a means to obtain documents from defendants, such a strategy is not permissive and, in fact, prohibited by Rule 11. *See* Fed. R. Civ. P. 11(b)(1) (stating that, by providing a pleading to the court, an unrepresented party certifies that "it is not being presented for any improper purpose").

Accordingly, plaintiff's warrantless blood test claim must be dismissed. Because plaintiff could cure this deficiency by amendment and he proceeds pro se, leave to amend is appropriate. However, in the event that plaintiff amends, he must plead facts to plausibly state a claim against defendants.

**C. Familial Association**

Plaintiff claims that defendants deprived him of familial association in violation of the Fourteenth Amendment. ECF No. 17 at 4. The Court of Appeals "has recognized that parents have a Fourteenth Amendment liberty interest in the companionship and society of their children." *Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010). The general rule is that constitutional rights may not be asserted vicariously. *See Alderman v. United States*, 394 U.S. 165, 174 (1969). "In § 1983 actions, however, the survivors of an individual killed as a result of an officer's excessive use of force may assert a Fourth Amendment claim on that individual's behalf if the relevant state's law authorizes a survival action." *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d at 365, 369 (9th Cir. 1998) (citing 42 U.S.C. § 1988(a); *Smith v. City of Fontana*, 818 F.2d 1411, 1417 (9th Cir. 1987)).

Plaintiff alleges that his associational rights were violated because his daughter passed away while he was unlawfully detained. Plaintiff alleges that before he was arrested, his daughter was hospitalized for a drug overdose. ECF No. 17 at 2. Plaintiff alleges that while he was in custody, his daughter died as a result of the overdose. *Id*. at 3. As such, plaintiff's familial association claim fails because his daughter's death is wholly disconnected from any alleged wrongdoing on the part of defendants.

Plaintiff indicates that he "was prevented from being present, assisting, or advocating for his daughter," but he does not allege that defendants had any involvement in the circumstances leading to his daughter's death. *See id*. In his opposition, plaintiff provides that his daughter was living "in a group home under the responsibility of Placer County Probation" and had been missing for an unspecified amount of time prior to her overdose. ECF No. 25 at 10-11. However, plaintiff does not challenge any alleged wrongdoing on the part of county officials regarding the supervision and care of his daughter. Instead, he claims that because he was detained when his daughter died, he was deprived of familial association.[3]

---

[3] Plaintiff states that the circumstances surrounding his daughter's death "warrant factual investigation" and that while he does not "ask the Court to infer a conspiracy" between county officials, he "requests an opportunity for discovery concerning communications between relevant County personnel." ECF No. 25 at 11. The court again cautions plaintiff against bringing

Accordingly, plaintiff's familial association claim must be dismissed. Because plaintiff could cure this deficiency by amendment and he proceeds pro se, leave to amend is appropriate. However, in the event that plaintiff amends, he must plead facts to plausibly state a claim against defendants.

**D. Municipal Liability**

Plaintiff claims that Placer County and Sheriff Woo are liable for the actions of the individual defendants. ECF No. 17 at 4-5. A municipality cannot be held liable under section 1983 for the acts of its employees on a *respondeat superior* theory. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978). Rather, vicarious liability attaches to a municipality only when the municipality itself causes the constitutional violation at issue. *See id.* at 694. To state a claim under section 1983 against a public entity, a plaintiff must allege a constitutional injury resulting from a "policy, practice or custom of the local entity." *Avalos v. Baca*, 517 F.Supp.2d 1156, 1162 (C.D. Cal. 2007) (citing *Monell*, 436 U.S. at 694). This type of claim can be asserted on three different bases. First, a public entity may be held liable when "implementation of its official policies or established customs inflicts the constitutional injury." *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1249 (9th Cir. 2010) (quoting *Monell*, 436 U.S. at 708 (Powell, J., concurring)). Second, such liability may arise when a failure to act amounts to "deliberate indifference to a constitutional right." *Id.* (internal quotation marks omitted). Third, this type of liability may arise when "an official with final policy-making authority . . . ratifie[s] a subordinate's unconstitutional decision or action and the basis for it." *Id.* (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992)).

Relying on any of the three theories, a plaintiff must provide "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

---

deficient claims for the purpose of obtaining discovery in the hopes that he will later be able to state a claim.

As an initial matter, Woo cannot be held liable under *Monell* because he is an individual, not a municipality. With respect to Placer County, plaintiff has failed to plausibly state that it is liable. Plaintiff alleges that his injuries were caused by Placer County's "failure to train," "ratification of unconstitutional conduct," and "a custom and practice." ECF No. 17 at 4-5. These allegations are legal conclusions, which the court is not bound to accept as true. *See Iqbal*, 556 U.S. at 679. As noted, plaintiff must allege "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *See AE ex rel. Hernandez*, 666 F.3d at 637.

In his opposition, plaintiff states that "he presently lacks access to Placer County's internal policies, training records, blood-draw procedures, authorization procedures, supervisory records, and communications between County departments." ECF No. 25 at 12. He further provides that "if the Court determines that Plaintiff's current Monell allegations are insufficient, Plaintiff respectfully requests leave to amend and an opportunity to pursue appropriate discovery to the extent permitted by the Court." *Id*. at 13. As established above, plaintiff cannot proceed to discovery on a deficient claim, and the court will not provide for discovery unless plaintiff pleads a viable claim.

Accordingly, plaintiff's municipal liability claim must be dismissed. Because plaintiff could cure this deficiency by amendment and considering that he proceeds pro se, leave to amend is appropriate. However, in the event that plaintiff amends, he must plead facts to plausibly state a claim against defendants.

**Conclusion**

Accordingly, it is hereby ORDERED that:

1. Defendants' motion to dismiss, ECF No. 21, is GRANTED.
2. The fourth amended complaint, ECF No. 17, is DISMISSED with leave to amend.
3. Plaintiff may file an amended complaint within twenty-one days. Failure to do so will result in a recommendation that this action be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: November 16, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE